UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

EDWARD L. COLLINS,

        Petitioner,

v.                                                     Case No. 3:15-cv-757-J-39PDB

SECRETARY, FLORIDA DEPARTMENT OF
CORRECTIONS AND ATTORNEY GENERAL
OF THE STATE OF FLORIDA,

        Respondents.
_____

## ORDER

Petitioner initiated this action by filing a pro se Petition Under 28 U.S.C. § 2254 for Writ of Habeas Corpus by a Person in State Custody (Petition) (Doc. 1) on June 19, 2015.[1] He challenges his 2009 state court (Duval County, Florida) convictions for aggravated battery, possession of a firearm by a convicted felon, and possession of cocaine. Respondent Secretary of the Florida Department of Corrections filed a motion to dismiss the Petition as untimely. See Respondent's Motion to Dismiss Petition for Writ of Habeas Corpus as Untimely (Response) (Doc. 13) with exhibits (Resp. Ex.).[2] Petitioner filed a reply. See Petitioner's "Adverse Reply" Motion to Respondents Motion to Dismiss Petition for Writ Habeas Corpus as Untimely (Reply) (Doc. 15). This case is ripe for review.

---

[1] Giving Petitioner the benefit of the mailbox rule, this Court finds that Petitioner filed the Petition on the date he handed it to the prison authorities for mailing to this Court. See Houston v. Lack, 487 U.S. 266, 276 (1988); Rule 3(d), Rules Governing Section 2254 Cases in the United States District Courts. The Court will also give Petitioner the benefit of the mailbox rule with respect to his inmate pro se state court filings when calculating the one-year limitations period under 28 U.S.C. § 2244(d).

[2] Where provided, the page numbers of the exhibits referenced in this opinion are the Bates stamp numbers at the bottom of the each page. Otherwise, the Court will reference the page numbers assigned by the electronic docketing system where applicable.

The Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA) imposes a one-year statute of limitations on petitions for writ of habeas corpus. Specifically, 28 U.S.C. § 2244 provides:

> (d)(1) A 1–year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of - -
>
> > (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
> >
> > (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
> >
> > (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
> >
> > (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>
> (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d).

On December 9, 2009, a jury found Petitioner guilty of aggravated battery (count one), possession of a firearm by a convicted felon (count two), and possession of cocaine (count three). Resp. Ex. A at 119-121. On December 17, 2009, the state court sentenced

Petitioner to a twenty-year term of incarceration with a twenty-year minimum mandatory term of incarceration for count one, a fifteen-year term of incarceration for count two to run concurrent with count one, and a five-year term of incarceration for count three to run consecutive to count one. Id. at 175-81. The First District Court of Appeal (First DCA) per curiam affirmed Petitioner's convictions and sentences without opinion on January 13, 2011, Resp. Ex. I, and issued its mandate on January 31, 2011. Resp. Ex. J. Petitioner's convictions became final on Wednesday, April 13, 2011, ninety days from January 13, 2011. See Clay v. United States, 537 U.S. 522, 527 (2003) ("Finality attaches when [the Supreme Court of the United States] affirms a conviction on the merits on direct review or denies a petition for writ of certiorari, or when the time for filing a certiorari petition expires."); Supreme Court Rule 13 ("a petition for a writ of certiorari to review a judgment . . . is timely when it is filed with the Clerk of this Court within 90 days after entry of the judgment").[3] Therefore, absent statutory or equitable tolling, the one-year statute of limitations would begin to run on Thursday, April 14, 2011.

Before his convictions became final, however, Petitioner filed a motion for post-conviction relief pursuant to Rule 3.850 of the Florida Rules of Criminal Procedure with the state court on March 18, 2011. Resp. Ex. K at 1-67. Then on November 22, 2011, Petitioner filed a supplemental motion for post-conviction relief (the Court will refer to the motion for post-conviction relief and the supplemental motion for post-conviction relief collectively as the First 3.850 Motion). Id. at 68-76. On May 10, 2012, the state court denied the First 3.850 Motion. Id. at 77-114. The First DCA per curiam affirmed without

---

[3] Because the Florida Supreme Court lacked jurisdiction to review the First District Court of Appeal's per curiam decision on direct appeal, Petitioner's only other avenue of review was to file a petition for writ of certiorari with the United States Supreme Court. See Garcia v. Sec'y, Fla. Dept. of Corr., No.: 5:12-cv-384-Oc-30PRL, 2013 WL 6768232, *5 n.3 (M.D. Fla. Dec. 19, 2013).

3

opinion the denial of the First 3.850 Motion on February 1, 2013. Resp. Ex. N. Petitioner sought a rehearing, Resp. Ex. O, which was denied on April 3, 2013, Resp. Ex. P. The First DCA issued its mandate on April 19, 2013. Resp. Ex. Q.

There is no dispute that the First 3.850 Motion was properly filed. "The one-year limitation[s] period for filing a § 2254 petition is tolled during times in which a 'properly filed' application for state post-conviction relief is 'pending.'" Green v. Sec'y, Dep't of Corr., 877 F.3d 1244, 1247 (11th Cir. 2017) (quoting 28. U.S.C. § 2244(d)(2)). "In Florida, a state post-conviction motion is pending until the appropriate appellate court issues the mandate for its order affirming a state trial court's denial of the motion." Woulard v. Sec'y, Dep't of Corr., 707 F. App'x 631, 633 (11th Cir. 2017). Therefore, the properly filed First 3.850 Motion tolled the commencement of the one-year limitations period until April 19, 2013.

Before the First DCA issued its mandate on the First 3.850 Motion, Petitioner filed a second motion for post-conviction relief pursuant to Rule 3.850 (Second 3.850 Motion) with the state court on March 14, 2013. Resp. Ex. R at 1-27. The state court dismissed the Second 3.850 Motion as procedurally barred and untimely on August 28, 2013. Id. at 28-39. The First DCA per curiam affirmed without opinion the dismissal of the Second 3.850 Motion on January 23, 2014, Resp. Ex. V, and issued its mandate on February 18, 2014. Resp. Ex. W. Because the Second 3.850 Motion was dismissed as untimely under state law,[4] it was not "properly filed," and thus, did not toll the statute of limitations. See

---

[4] The Court can presume that the First DCA's decision "'did not silently disregard [the state court's] bar and consider the merits'" of Petitioner's Second 3.850 Motion. Wilson v. Warden, Ga. Diagnostic Prison, 834 F.3d 1227, 1235 (11th Cir. 2016), cert. granted sub nom. Wilson v. Sellers, 137 S. Ct. 1203 (2017) (quoting Ylst v. Nunnemaker, 501 U.S. 797, 803 (1991)); see Gonzalez v. Sec'y, Fla. Dep't of Corr., 689 F. App'x 917, 919–20 (11th Cir. 2017) ("However, Wilson specifically pointed out [i]f the last reasoned opinion on the claim explicitly imposes a procedural default, we will presume that a later decision rejecting the claim did not silently disregard that bar and consider the merits. In this type of case, we look through the summary

4

Pace v. DiGuglielmo, 544 U.S. 408, 414 (2005) ("When a postconviction petition is untimely under state law, 'that [is] the end of the matter' for purposes of § 2244(d)(2)." (quoting Carey v. Saffold, 536 U.S. 214, 226 (2002)); Sykosky v. Crosby, 187 F. App'x 953, 958 (11th Cir. 2006) (". . . the state courts determined that [the petitioner's] motion was filed after a time limit and did not fit within any exceptions to that limit. We therefore defer to the determination of the state courts, and that is the end of the matter for purposes of § 2244(d)(2)." (internal alterations, citations, and quotation marks omitted)). Consequently, the one-year limitations period for Petitioner to file the Petition began to run on April 20, 2013, the day after the First DCA issued its mandate on the First 3.850 Motion.

On March 13, 2014, Petitioner filed a third motion for post-conviction relief pursuant to Rule 3.850 (Third 3.850 Motion) with the state court. Resp. Ex. X at 1-75. The state court dismissed the Third 3.850 Motion as successive and untimely on October 9, 2014. Resp. Ex. Y at 229-68. The First DCA per curiam affirmed the dismissal of the Third 3.850 Motion without opinion on March 2, 2015. Resp. Ex. Z. Petitioner's motion for rehearing was denied on April 14, 2015, Resp. Ex. BB, and the First DCA issued its mandate on April 30, 2015. Resp. Ex. CC. Like the Second 3.850 Motion, the Third 3.850 Motion also did not toll the one-year limitations period. See Pace, 544 U.S. at 417; Sykosky, 187 F. at 958. Without any additional statutory tolling, Petitioner had until Monday, April 21,

---

opinions to the last reasoned opinion to find the state court's basis for a decision." (internal quotation marks and citations omitted)).

5

2014,[5] to timely file the Petition.[6] Petitioner filed the Petition on June 19, 2015, more than a year after the statute of limitations expired. Therefore, unless Petitioner is entitled to equitable tolling, the Petition is untimely and due to be denied.

"When a prisoner files for habeas corpus relief outside the one-year limitations period, a district court may still entertain the petition if the petitioner establishes that he is entitled to equitable tolling." Damren v. Florida, 776 F.3d 816, 821 (11th Cir. 2015). The United States Supreme Court has established a two-prong test for equitable tolling, stating that a petitioner must show "(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way and prevented timely filing." Holland v. Florida, 560 U.S. 631, 649 (2010) (internal quotation marks and citation omitted). "[E]quitable tolling is an extraordinary remedy 'limited to rare and exceptional circumstances and typically applied sparingly.'" Cadet v. Fla. Dep't of Corr., 853 F.3d 1216, 1221 (11th Cir. 2017) (quoting Hunter v. Ferrell, 587 F.3d 1304, 1308 (11th Cir. 2009)). Additionally, a claim of "actual innocence, if proved, serves as a gateway" to overcome the expiration of the statute of limitations bar. McQuiggin v. Perkins, 569 U.S. 383, 386 (2013).

Petitioner asserts neither extraordinary circumstances that stood in his way of filing a timely petition to warrant equitable tolling nor a claim of actual innocence. Petitioner indicates that when he filed his Second 3.850 Motion he lacked "comprehensive knowledge of law, by misunderstanding the rules." Reply at 7. However, "a lack of a legal

---

[5] One year from April 20, 2013, fell on Sunday, April 20, 2014. Therefore, under Rule 6 of the Federal Rules of Civil Procedure, the statute of limitations expired the following Monday, April 21, 2014. See Fed. R. Civ. P. 6(a)(1)(C) (The period stated in days or a longer unit of time "include[s] the last day of the period, but if the last day is a Saturday, Sunday, or legal holiday, the period continues to run until the end of the next day that is not a Saturday, Sunday, or legal holiday.").

[6] Respondent asserts that the statute of limitations expired on April 13, 2014. Response at 8. The Petition is untimely under either the expiration date of April 13, 2014, or April 21, 2014.

education and related confusion or ignorance about the law" are not acceptable excuses to warrant equitable tolling. Perez v. Fla., 519 F. App'x 995, 997 (11th Cir. 2013) (citing Rivers v. United States, 416 F.3d 1319, 1323 (11th Cir. 2005)). Petitioner has not presented any justifiable reason why the dictates of the one-year limitations period should not be imposed upon him. For the foregoing reasons, the Court will dismiss this case with prejudice pursuant to 28. U.S.C. § 2244(d). Accordingly, it is now

**ORDERED AND ADJUDGED:**

1. Respondent's Motion to Dismiss Petition for Writ of Habeas Corpus as Untimely (Doc. 13) is **GRANTED**, and the Petition (Doc. 1) is **DISMISSED with prejudice**.

2. The Clerk is directed to enter judgment dismissing this case with prejudice, terminate any pending motions, and close this case.

3. If Petitioner appeals the dismissal of the Petition, the Court denies a certificate of appealability.[7] Because this Court has determined that a certificate of appealability is not warranted, the Clerk shall terminate from the pending motions report any motion to proceed on appeal as a pauper that may be filed in this case. Such termination shall serve as a denial of the motion.

**DONE AND ORDERED** at Jacksonville, Florida, this 3rd day of April, 2018.

_____
BRIAN J. DAVIS
United States District Judge

---

[7] This Court should issue a certificate of appealability only if Petitioner makes "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). To make this substantial showing, Petitioner "must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong," Tennard v. Dretke, 542 U.S. 274, 282 (2004) (quoting Slack v. McDaniel, 529 U.S. 473, 484 (2000)), or that "the issues presented were 'adequate to deserve encouragement to proceed further,'" Miller–El v. Cockrell, 537 U.S. 322, 335–36 (2003) (quoting Barefoot v. Estelle, 463 U.S. 880, 893 n.4 (1983)). After consideration of the record as a whole, the Court will deny a certificate of appealability.

sflc

c: Edward L. Collins, #096183
Counsel of Record